GRAY v. NEW YORK AND VIRGINIA STEAMSHIP COMPANY.

*Parties — stockholders of corporation — Fraudulent acts of corporate directors — Cause of action — facts constituting — Demurrer — Agency — ratification.*

In an action by certain stockholders of the N. company, a corporation, against the N. company, its directors and the O. company, a corporation, the complaint alleged that the N. company was doing a prosperous business; that the directors, for the purpose of personal gain and to defraud plaintiffs, sold and transferred the property of the N. company to the O. company for a sum far less than its value, receiving in pay therefor stock in the O. company; that the O company had knowledge that the directors had no author- ity to make the sale; that the same was made under a fraudulent agreement between the directors and the O. company; that the directors were requested and refused to take action to recover back the property, and the plaintiffs asked in behalf of plaintiffs and others interested with them, among other kinds of relief, that the sale be set aside and the property restored. *Held*, upon demurrer to the complaint, (1) that the plaintiffs were entitled to main- tain the action (Code, § 119); (2) that the facts alleged constituted a cause of action against the N. company and its directors (and this would not be affected by the circumstance that the complaint might not justify all the relief prayed for); (3) that the action could be maintained against the O. company on the allegations of the complaint, and it was not necessary that the plaintiff should restore to that company what it had parted with to acquire the property.

The complaint showed that the stock of the O. company had not come into the treasury of the N. company. *Held*, that the rule that a principal who adopts the fraud of an agent by taking the fruits, has no standing to maintain an action, did not apply.

APPEAL by certain of the defendants from orders at the special term overruling demurrers to the complaint.

The action was brought by B. C. Gray and others, owners of stock in the New York and Virginia Steamship Company, a corporation, against said company and against Francis Skiddy and others as directors thereof, one Heineken and another, as agents thereof and The Old Dominion Steamship Company, a corporation, to set aside as fraudulent the sale and transfer of certain steamships belonging to the first-named corporation to that last named; to obtain an accounting from the last-named company of the earnings of said steamships while in its possession; to obtain the dissolution of the first-named company, an accounting by its directors and agents named; the appointment of a receiver to take charge of its effects, and other relief.

One paragraph of the complaint alleged as a cause of action against the defendants Heineken and another that as agents of the New York and Virginia Steamship Company they had fraudulently managed the affairs intrusted to them, misapplied the moneys of the company coming into their hands, and conducted the business of the company for their own benefit and not for the benefit of the company.

The defendants separately demurred to the complaint upon grounds which are stated in the opinion. The demurrers were over-ruled except that of defendants Heineken and another, the agents, the court holding in respect to them that if the facts stated in relation to them were true, the corporation itself would be the proper plaintiff to bring an action.

Such other facts as are material appear in the opinion.

*Smith & Woodward*, for appellants other than The Old Dominion Steamship Company, as to the right of the stockholders to maintain the action, cited *Howe* v. *Deuel*, 43 Barb. 504; *Latimer* v. *Eddy*, 46 id. 61; *Belmont* v. *Erie Railway Co.*, 52 id. 637, 668; *People* v. *Erie Railway Co.*, 36 How. 129; *Ramsey* v. *Erie Railroad Co.*, 38 id. 193, 216, 217; *Smith* v. *Metropolitan Gas-light Company*, 12 id. 287; *Galway* v. *U. S. Steam Sugar Refg. Co.*, 36 Barb. 256; Code, § 430; Laws 1870, chap. 151, §§ 2–5; *Treadwell* v. *Salisbury Manuf. Co.*, 7 Grey, 393; *Brown* v. *Monmouthshire Railway & C. Co.*, 13 Beav. 32; S. C., 15 Jur. 475; *Abbott* v. *Merriam*, 8 Cush. 589.

*Owen, Nash & Grey*, for appellant, The Old Dominion Steamship Company, upon the question of the rescission of the sale without an offer to return the avails, cited *Cobb* v. *Hatfield*, 46 N. Y. 533; *Curtiss* v. *Howell*, 39 id. 211; *Ely* v. *Mumford*, 47 Barb. 629.

*John F. Baker*, for respondents.

WESTBROOK, J. The complaint in this cause may be thus briefly stated: The plaintiffs are, severally, large stockholders in the defendant corporation, the New York and Virginia Steamship Company. That company was incorporated, by a special act of the legislature of this State, to establish a line of steamships between New York and Richmond, and for other purposes set out in the complaint. In July, 1867, whilst the company was doing a prosper-

ous business, the individual defendants, who are the appellants, being the directors thereof, for their own gain and advantage, and for the purpose of defrauding the plaintiffs and other stockholders, unlawfully and fraudulently sold to The Old Dominion Steamship Company, the other corporation defendant, the steamships belonging to the New York and Virginia Steamship Company at a sum far less than their value. That they received in pay for such steamships 4,000 shares of the stock of The Old Dominion Steamship Company, which latter company are now in possession of the vessels, and the whole transaction is charged to have been done for the purpose of breaking up and ruining the New York and Virginia Steamship Company for the personal benefit of such individual defendants and their confederates.

The complaint further avers that the sale aforesaid was made to, " and received and accepted by the said, The Old Dominion Steamship Company, with full knowledge that said directors had no right, power, or authority, to make the said sale and transfer, and that the same was made and consummated, under some secret and fraudulent agreement *between* said directors and said defendant, The Old Dominion Steamship Company, its officers and agents, whereby and by means whereof the said directors, said company, its officers and agents were to be mutually benefited, and were to derive large pecuniary profits and advantages at the expense of and in fraud of the rights of these plaintiffs and the other stockholders of the said, The New York and Virginia Steamship Company."

The complaint also avers that the directors of the New York and Virginia Steamship Company, " though requested so to do, have refused to take action or proceedings to recover back the said steamships from said defendant, The Old Dominion Steamship Company."

The plaintiffs, in behalf of themselves, and of all others interested with them, who shall come in and seek relief by this action, ask several different kinds of relief, among which is a prayer, that the alleged fraudulent sale of the steamships to The Old Dominion Steamship Company may be set aside and the property restored.

The defendants separately demur, but their grounds are the same, though presenting somewhat different questions, and are, First, That the complaint does not state facts sufficient to constitute a cause of action against each defendant demurring. Second, That the plain-

tiffs, as stockholders in the New York and Virginia Steamship Company, have no right to maintain this action; and, Third, The several causes of action have been improperly united in the complaint, that is to say, several causes of action stated in the complaint are not common to all the defendants, but could only be maintained against some separately.

In the discussion of the demurrer, it must, of course, be assumed that the allegations of the complaint are true, and the questions presented are: *First*, Can a stockholder in a corporation in behalf of himself and other stockholders similarly situated, maintain an action against such corporation and its directors to set aside and enjoin transactions done by such directors, in the name of the corporation, for their own personal gain and benefit, and in fraud of the rights of plaintiff and other *bona fide* stockholders when the directors have been requested to bring such action, and refused?

It would seem that a bare statement of the proposition ought, of itself, to be sufficient. It would be monstrous to hold that a stockholder had no standing in court to protect his property in a corporation which fraudulent managers, for their own gain, were misapplying. Such a rule would place any stockholder in a corporate body completely at the mercy and in the power of fraudulent trustees and directors. If the cases were not "numerous where stockholders have been allowed to maintain bills in equity for fraud," committed by directors, as Judge FANCHER truly said they were, we would now, at least, make a precedent for the maintenance of such an action, believing that sound public policy and the honest and discreet management of corporations require it.

The right of the present plaintiffs to bring an action in behalf of themselves and others, is recognized by section 119 of the Code, wherein, it is, among other things, provided, "when the parties are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole."

Angell & Ames, in their work on corporations (§ 312), thus state the rule: "The general rule is that a suit brought for the purpose of compelling the ministerial officers of a private corporation to account for breach of official duty or misapplication of corporate funds should be brought in the name of the corporation and cannot be brought in the name of the stockholders or some of them * * * But as a court of equity never permits a wrong to go unredressed

merely for the sake of form, if it appear that the directors of a corporation refuse in such cases to prosecute, by collusion with those who had made themselves answerable by their negligence or fraud, or if the corporation is still under the control of those who must be the defendants in the suit, the stockholders who are the real parties in interest, will be permitted to file a bill in their own names, making the corporation a party defendant. And if the stockholders are so numerous as to render it impossible or very inconvenient to bring them all before the court, a part may file a bill in behalf of themselves and all others standing in the same situation. The jurisdiction of chancery in such cases proceeds in cases of joint stock corporations upon the same principles as are applied to joint stock corporations in England. The directors are the trustees or managing partners and the stockholders are the *cestuis que trust*, and have a joint interest in all the property and effects of the corporation, and no injury that the stockholders may sustain by a fraudulent breach of trust can, upon the general principles of equity, be suffered to pass without a remedy."

In Grant on Corporations, page 290, (Law Library, 4th series, Vol. 55, page 301) it is declared a corporator may not only sue singly in equity the directors, etc., or the company on behalf of himself and other shareholders, etc., but he may also join other parties as defendants who may be receiving benefits from the transactions which he impeaches.

This doctrine contained in the elementary works has been repeatedly recognized in the courts. *Koehler* v. *Black Riv. Falls Iron Co.,* 2 Black, 715, was an action brought to foreclose a mortgage given by the defendant. William M. Holly, a stockholder on petition showing that the directors did not intend to make defense, was allowed to appear and defend. The bill was dismissed and the complainant appealed. The Supreme Court of the United States affirmed the decree, Mr. Justice DAVIS writing the opinion, who (page 721) cites the before quoted paragraph from Angell & Ames on Corporations approvingly for the purpose of showing that a stockholder has a standing in court to maintain or defend a suit which involves illegal or fraudulent acts of the directors of a joint stock corporation.

In *Zabriskie* v. *Cleveland, Col. & Cin. R. R. Co.,* 23 How. (U. S.) 381, the Supreme Court of the United States affirmed the same doctrine. Mr. Justice CAMPBELL (page 395) says "The frame of the bill implies that this contract exceeds the power of the corporation

and cannot be confirmed against a dissenting stockholder. His authority to file such a bill is supported upon this ground alone. *Dodge* v. *Woolsey*, 18 How. (U. S.) 331; *Mott* v. *Penn. R. R. Co.*, 30 Penn. 1; *Manderson* v. *Commercial Bank*, 28 id. 379. The usual and more approved form of such a suit being that of one or more stockholders to sue in behalf of the others. *Beman* v. *Bufford*, 1 Simon (N. S.) 550; *Winch* v. *Birkenhead Railway Co.*, 5 De G. & S. 562; *Mosley* v. *Alzton*, 1 Phil. 790; *Wood* v. *Draper*, 24 Barb.187."

There are also many other cases which hold the same principle, and among these are *Robinson* v. *Smith*, 3 Paige, 23; *Cunningham* v. *Pell*, 5 id. 607; *Peabody* v. *Flint*, 6 Allen, 52; *Carpenter* v. *N. Y. & N. H. R. R. Co.*, 5 Abb. 277; *Cross* v. *Sackett*, 2 Bosw. 617; *Butterworth* v. *Fox*, 15 How. 545.

The cases referred to abundantly establish, that if the allegations of this complaint are true, there is a cause of action stated against the New York and Virginia Steamship Company and its directors. Upon their part the appeal was argued as if it was necessary that the complaint should justify all the relief prayed for, whereas it is sufficient if it states a cause of action, the demurrer assuming that none is averred. No opinion is expressed upon the extent of the relief which can be granted in this action. It seems very clear, however, if the truth of the allegations contained in the complaint be established, that the plaintiff will be entitled to the relief at least of setting aside the alleged fraudulent transfer of the corporate property. This would be justified if the proof supported the averments.

*Second.* Can the action be sustained against The Old Dominion Steamship Company upon the allegations of the complaint. It is claimed on behalf of this defendant that the present suit cannot be maintained against it, because the pleading states that that corporation has parted with its property for the vessels purchased of the New York and Virginia Steamship Company, and without restoring to it its property, the sale and purchase can not be set aside.

It is undoubtedly a general rule, that he who seeks to repudiate a contract with another upon the ground of fraud must restore that which he has received. How this doctrine, however, can be made applicable in favor of this defendant, is not perceived. The complaint charges that The Old Dominion Steamship Company are co-conspirators with the other defendants to defraud the plaintiffs and those whom they represent, for its own benefit and that of its

officers, as well as for the gain of the other defendants. Why should the plaintiffs be compelled to restore to it property which they do not control, and which such defendant, for the purpose of defrauding them, placed in other hands? The victims of a conspiracy (and such the plaintiffs are according to the complaint which the demurrer admits) surely ought not to be called upon to make good to one of the conspirators that which has been parted with for the express and only purpose of working a wrong to such victims. He who has been engaged in an attempt to defraud another should be left to relieve himself as best he can, and as this corporation must on this appeal be regarded as occupying just that position, it will be left to establish its case by proof. When the cause is tried and its exact status as to the transactions ascertained, a decree protecting its rights, if it has any worthy of being protected, can be made. Its demurrer is of no force, if the history of the dealings between the defendants and the objects thereof as stated in the pleadings demurred to be true.

The authorities referred to above (Grant on Corporations, 290; *Peabody* v. *Flint*, 6 Allen 52) establish that The Old Dominion Steamship Company, as one "receiving benefits of the transactions which" are impeached, is a proper party to the action, occupying the position it does, that of an active participant in a fraud upon the plaintiffs and their associates. The argument based upon the doctrine of principal and agent does not apply. It is true that a principal who adopts a fraud of an agent, by taking its fruits, has no standing to maintain an action to set aside the fraudulent act, but surely when the party implicated has aided the agent in committing a fraud upon a principal, and was in fact a party to it, he cannot make this point when the fruits of the transactions have not come into the principal's hands.

The complaint shows that the stock of The Old Dominion Steamship Company received in payment of the vessels has not come into the treasury of the other corporation, and consequently the plaintiffs, as stockholders of the latter, have not been benefited.

The plaintiffs and their associates have none of the property of this defendant, or the proceeds thereof, in their hands, and if the complaint is true, and The Old Dominion Steamship Company is a loser by reason of its fraudulent attempt to entail a loss upon others for its own advantage, it will endure only that which it deserves to suffer.

*Third.* The demurrer of Heineken and Palmore having been sustained at special term upon the ground that the facts stated in the complaint against them "do not constitute a cause of action with which the other defendants are concerned in this action," causes of action common to all the defendants are alone left in the complaint.

The various orders overruling the demurrers should be affirmed, with costs.

*Orders affirmed.*

NOTE—See *Prouty* v. *M. S. & N. I. R. R. Co.*, 4 N. Y. Sup. 231, at page 241, where an action brought by a holder of preferred stock in a corporation, on his own behalf and on that of the other owners of preferred stock, against the corporation and its directors, to recover dividends claimed to be due on such stock, was held to be in proper form.—REP.